UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DANIEL JONES, ET AL                      CIVIL ACTION NO. 21-cv-1352

VERSUS                                          JUDGE ELIZABETH E. FOOTE

FEDNAT INSURANCE CO               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Daniel and Tina Jones ("Plaintiffs") filed this civil action against FedNat Insurance Company ("FedNat") for damages arising out of an insurance contract dispute. Plaintiffs filed the suit based on an assertion of diversity jurisdiction, which puts the burden on them to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000.

The complaint alleges that Plaintiffs are " residents of the State of Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical

Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). Plaintiffs will need to file an amended complaint that specifically alleges the state in which they are domiciled.

The complaint alleges that FedNat is "incorporated under the laws of Florida" and is "authorized to do business and issue policies in the state of Louisiana." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Plaintiffs will need to include in their amended complaint an allegation of the state in which FedNat has its principal place of business, which is determined based on the standard set forth in Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).

Plaintiffs must file their amended complaint by **June 7, 2021.**

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of May, 2021.



Mark L. Hornsby
U.S. Magistrate Judge